```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ANTHONY WILLIAMS,                 )
                                  )
        Petitioner,               )
                                  )
        v.                        )    C.A. No. 18-11620-PBS
                                  )
BRAD COWEN,                       )
                                  )
        Respondent.               )
                                  )
```

**ORDER**

**August 15, 2018**

Saris, C.J.

Pro se petitioner Anthony Williams, who is confined at MCI Norfolk, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his 2014 convictions for aggravated rape, armed robbery, kidnapping, and assault and battery with a dangerous weapon.  He also filed motions for leave to proceed in forma pauperis and for the appointment of counsel.  The petitioner has paid the $5.00 filing fee.

Upon review of Williams's motion, the Court hereby orders that:

1.  The motion for leave to proceed in forma pauperis is GRANTED insofar as Williams seeks to establish financial eligibility for appointment of counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A.

2. The motion for appointment of counsel is DENIED WITHOUT PREJUDICE. Under the CJA, the Court may appoint counsel for a "financially eligible" habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In determining whether the interests of justice require the appointment of counsel, the Court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself. See United States v. Guadalupe-Quinones, 65 Fed. App'x 329, 333 (1st Cir. 2003); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). In addition, if the Court decides to conduct an evidentiary hearing on the petition, the interests of justice will require appointment of counsel. See Rule 8(c) of the Rules Governing Section 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Here, the interests of justice do not require the appointment of CJA counsel at this stage of the proceedings. The petitioner has ably drafted his petition, and, without the benefit of the respondent's response to the petition, the Court cannot determine whether the factors supporting the appointment of counsel are present. The petitioner may renew the motion for

counsel after the respondent has been served with and responded to the petition.

    SO ORDERED.

                                    /s/ Patti B. Saris
                                    PATTI B. SARIS
                                    CHIEF, U.S. DISTRICT JUDGE